UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SALVATORE GIAMBANCO, Individually and
As Personal Representatives of the
Estate of VITA GIAMBANCO,
deceased

      Plaintiffs,

vs.

SOCIETE AIR FRANCE COMPANY d/b/a
AIR FRANCE,

      Defendant.
_____/

**COMPLAINT FOR WRONGFUL DEATH UNDER THE
MONTREAL CONVENTION**

Pursuant to Article 32 of the Montreal Convention, the Plaintiff, Salvatore Giambanco Individually and as Personal Representatives of the Estate of VITA GIAMBANCO, deceased, sue the Defendant, SOCIETE AIR FRANCE COMPANY d/b/a AIR FRANCE ("Air France"), for damages and in support thereof allege as follows:

**PARTIES**

1. Plaintiff, Salvatore Giambanco, was and is a resident of Port St. Lucie, Florida. The decedent, Vita Giambanco, who was a passenger traveling from Miami to Barcelona aboard Air France Flight AF009, with a connecting flight in Paris aboard Air France Flight AF1648 (Ticket No. 0577223555980), had her principal and permanent place of residence in Port St. Lucie, Florida at the time of the accident on September 6, 2019. Furthermore, one or more of the decedent's beneficiaries own real property in the State of Florida.

2. Defendant, Air France, was and is at all times material hereto a foreign corporation, authorized and doing business in the State of Florida with its principal place of business at Miami International Airport, Concourse H, Room 20236, Miami, FL 33132.

## JURISDICTIONAL ALLEGATIONS

3. The United States is the only territory in which this action may properly be brought under the Montreal Convention.

4. Jurisdiction is proper in the federal courts of the United States pursuant to 28 U.S.C. §1331(a), in that this is a civil action which arises under the laws and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention") and all relevant laws applicable or related thereto, including but not limited to the *Convention for the Unification of Certain Rules Relating to International Carriage by Air*, signed at Warsaw on October 12, 1929 (the "Warsaw Convention"), 49 U.S.C. §1502 *et. seq.,* as amended by the *Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air*, done at The Hague on October 28, 1955 (the "Hague Protocol").

5. Pursuant to Article 17 of the Montreal Convention, a carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

6. Pursuant to Article 39 of the Montreal Convention, two classes of carriers are subject to liability, contracting carriers and actual carriers. Defendant, Air France, was the "contracting carrier" of Air France Flight No. AF0099. The "contracting carrier" is defined as one who "makes a contract of carriage governed by this Convention with a passenger or consignor or with a person acting on behalf of the passenger or consignor, and another person (hereinafter

referred to as 'the actual carrier') performs, by virtue of authority from the contracting carrier, the whole or part of the carriage."

7. Pursuant to Article 33 of the Montreal Convention, jurisdiction is proper in a United States Court as the decedent's principal and permanent place of residence was in Port St. Lucie, Florida at the time of the accident ton September 6, 2019. Accordingly, the Plaintiffs as American citizens have the right to pursue their case in this Court under Article 33 of the Montreal Convention. Likewise, jurisdiction is proper in the United States because Air France operates services for the carriage of passengers by air to and from the United States.

8. Pursuant to Article 33 of the Montreal Convention, jurisdiction is also proper in a United States Court as Air France foreign corporation registered with the Florida Secretary of State/Corporation Division and doing business in the State of Florida as a common carrier in air transportation pursuant to an operating certificated issued to it by the Federal Aviation Administration; Decedent's final place of destination was Miami, Florida; and Decedent's contract for travel with Air France was purchased and issued in Miami, Florida.

9. Venue is proper in this District pursuant to Article 33 of the Montreal Convention.

10. Additionally, venue in this District satisfies the requirements of 28 U.S.C. §1391 in that the Defendant is found in this district or is subject to personal jurisdiction here.

11. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

## GENERAL ALLEGATIONS

12. On September 6, 2019, Air France was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircrafts owned, leased, operated, managed, maintained and/or controlled by Air France and its agents and/or employees.

13. As a commercial carrier, Air France was and is obliged to provide the highest degree of care to its passengers.

14. On September 6, 2019, Air France was the owner, lessee, operator, and/or entity in control of Air France Flight No. AF0099 from Miami to Paris ("subject flight").

15. On September 6, 2019, Decedent Vita Giambanco was a fare-paying passenger on the subject flight whose boarding pass specifically stated the need for a wheelchair.

16. On September 6, 2019, the subject flight landed at Charles de Gaulle airport where Plaintiff and Plaintiff's decedent awaited wheelchairs to transport them through customs and security to their connecting flight, Air France Flight No. AF1648 to Barcelona.

17. Defendant's agents and/or employees escorted Plaintiff and Plaintiff's decedent to a waiting room where they were told a wheelchair would be provided. After waiting approximately forty minutes for a wheelchair to arrive, Plaintiff and Plaintiff's decedent were told by Defendant's agents and/or employees that there was no room in a transport van and were required to walk for another thirty minutes, carrying luggage, to the departure gate.

18. Upon arrival at the departure gate, Plaintiff's decedent was perspiring profusely, dizzy, and nauseous due to Defendant's failure to provide the required wheelchair to transport Plaintiff's decedent to the embarkation gate. When Plaintiff's decedent boarded the subject flight, she became increasingly ill, vomiting excessively, and passed out thirty minutes into the flight.

19. Plaintiff alerted Defendant's agents and/or employees of the medical emergency and requested an ambulance meet the flight upon arrival in Barcelona. Upon arrival in Barcelona, the Captain of the subject flight first requested all passengers stay seated as there was a medical emergency; however after a few minutes, the Captain stated that all passengers should disembark while Plaintiff and Plaintiff's decedent, who was now unresponsive, waited for the ambulance to disembark. After another fifteen minutes, the ambulance arrived and transported Plaintiff's decedent to Bellvitge Hospital in Barcelona.

20. Upon arrival at the hospital Plaintiff's decedent was admitted into ICU. Plaintiff's decedent was comatose for four (4) days and, tragically, the doctors determined she no longer had any brain function. Plaintiff and decedent's family decided to terminate life support on September 10, 2019.

## COUNT I

### CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

21. Plaintiff incorporates by reference all prior allegations above as if fully set forth herein.

22. At the time of the decedent's death the Montreal Convention, which governs international carriage by air, was in force and effect in the United States.

23. At the time of her death, the Defendant was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

24. Pursuant to Articles 17 and 39 of the Montreal Convention, Air France, as the contracting carrier, is liable for damages sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

25. On September 6, 2019, Mrs. Giambanco was on board the subject flight and Air France was the contracting carrier.

26. The excessive strain Mrs. Giambanco was forced to experience while attempting to board the connecting flight to Barcelona resulted in her death.

27. Pursuant to Article 21(1) of the Montreal Convention, the Defendant is liable to the Plaintiff for all personal injury or wrongful death damages up to $100,000 Special Drawing Rights.

28. Pursuant to Article 21(2) of the Montreal Convention, the Defendant is liable to the Plaintiffs for all personal injury or wrongful death damages exceeding $100,000 Special Drawing Rights, unless the carrier proves (a) the injuries and deaths were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries or deaths were solely due to the negligence or other wrongful act or omission of a third party.

29. On or about September 6, 2019, as a result of Air France's negligence or willful misconduct, including but not limited to its wrongful acts and/or omission, including without limitation its failure to provide a wheelchair to ensure the safe disembarkation and subsequent embarkation of the subject flight's passenger, and through no fault of his own, Plaintiff suffered the wrongful death of his decedent, Vita Giambanco.

30. Plaintiff's damages exceed $100,000 Special Drawing Rights.

31. As a direct and proximate result of the aforementioned negligent acts, Air France is liable to Plaintiff for all damages under the applicable law, including but not limited to:

   a. Pain and suffering and fright of the decent prior to death;

   b. Grief, emotional distress, mental anguish and pain and suffering of each of decedent's family members and heirs from the date of decedent's death;

   c. Loss of consortium, society, companionship, guidance, and support and services from the date of decedent's death;

    d. Loss of financial support and services from the date of the decedent's death;

    e. Loss of prospective inheritance or net estate accumulations reduced to present value;

    f. Solatium, moral harm, and similar injuries;

    g. Funeral and burial expenses;

    h. Any other damages to which the Plaintiff and decedent's survivors may be entitled under applicable law;

    i. Pre-judgment interest;

    j. Costs and attorneys fees.

WHEREFORE, Plaintiff demands judgment against Air France for compensatory damages, costs and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as of right.

Dated:   January 7, 2020.

Respectfully submitted,

/s/ Steven C. Marks
Steven C. Marks (FBN 516414)
Email: smarks@podhurst.com
Kristina Infante (FBN 112557)
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue – Suite 2300
Miami, FL   33130
Tel:  (305) 358-2800 / Fax:  (305) 358-2382
Attorneys for Plaintiff